SAWYER & COMPANY *vs.* SOUTHERN PACIFIC COMPANY.

Suffolk.    May 7, 1968. — June 13, 1968.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Evidence,* Business record, Inspection certificate.   *Words,* "Business."

At the trial of an action against the initial carrier of cantaloupes to
   recover for damage to them while allegedly they were in the defen-
   dant's possession after delivery in good condition, United States
   Department of Agriculture inspection certificates, made by Federal
   inspectors in the regular course of the business of that department
   after personal examination of the cantaloupes as packed in open crates,
   containing descriptive notations, and warranting a finding that when
   delivered to the carrier the cantaloupes were "free of taint or defect,"
   were admissible as business records under G. L. c. 233, § 78; it was
   irrelevant that the certificates were not made in the course of the
   plaintiff's business, or that they might not have been required by law,
   or that the plaintiff did not always obtain them.   [482, 483, 484]
Admission in evidence of a business record implies a finding of the facts
   necessary for its admission under G. L. c. 233, § 78, in the absence
   of anything to show the contrary of those facts.   [483]

CONTRACT OR TORT.   Writ in the Municipal Court of the
City of Boston dated September 6, 1963.

The action was heard by *Canavan,* J.

*Frank Infelise* for the plaintiff.

*Earl F. Nauss, Jr.,* for the defendant.

*Richard J. Ferriter* for Pennsylvania New York Central
Transportation Company, *Edmund M. Sweeney & John A.
Briggs* for Trustees of the New York, New Haven & Hart-
ford Railroad Company, *& John J. Nee* for Boston & Maine
Corporation, amici curiae, submitted a brief.

WILKINS, C.J.   This action of contract or tort is in ten
counts for damage or decay allegedly caused to five ship-
ments of cantaloupes from California and Arizona where
they were delivered in good order or condition for shipment
on bills of lading to the defendant as initial carrier.   The
plaintiff alleges loss and damage suffered while the ship-
ments were in the possession of the defendant.   There was a
finding for the plaintiff on each of the counts in contract.

On report to the Appellate Division the findings for the plaintiff were vacated and findings were ordered to be entered for the defendant. The plaintiff appealed.

The sole question reported by the Municipal Court judge to the Appellate Division was the admission in evidence of United States Department of Agriculture inspection certificates to prove the sound condition of the cantaloupes at point of origin. As stated in the opinion of the Appellate Division, "[o]n the basis of these certificates and what they stated, the court would have been warranted in finding that when delivered to the carrier the cantaloupes were free of taint or defect."

The certificates are headed "United States Department of Agriculture" and are entitled "Inspection Certificate." The foregoing is followed by a printed statement which reads: "This certificate is issued in compliance with the regulations of the Secretary of Agriculture governing the inspection of various products pursuant to the Agricultural Marketing Act of 1946, as amended (7 U. S. C. §§ 1621 et seq.), . . . and is admissible as prima facie evidence in all courts of the United States."[1]

We are of opinion that the certificates were admissible as business records under G. L. c. 233, § 78 (as amended through St. 1954, c. 442, § 1), which provides in material part: "An entry in an account kept in a book or by a card system or by any other system of keeping accounts, or a writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall not be inadmissible in any civil or criminal proceeding as evidence of the facts therein stated because it is transcribed or because it is hearsay or self-serving, if the court finds that the entry, writing or record was made in good faith in the regular course of business and before the beginning of the civil or criminal proceeding aforesaid and that it was the regular course of such business to

---

[1] The Appellate Division opinion relied upon a definition in 28 U. S. C. § 451 (1964), as limiting "all courts of the United States" to Federal courts. We need not discuss the point.

make such memorandum or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter." Cf. Am. Law Inst., Model Code of Evidence, Rule 514 (1942).

As nothing to the contrary appears, the admission of the certificates implies a finding of the facts prerequisite to their admission. *Bendett* v. *Bendett*, 315 Mass. 59, 62. *Sellew* v. *Tuttle's Millinery Inc.* 319 Mass. 368, 371. *Saba* v. *Cohen*, 333 Mass. 557, 558. The fact that these writings were in the form of certificates does not prevent their being admissible under G. L. c. 233, § 78. See *Chadwick & Carr Co.* v. *Smith*, 293 Mass. 293, 295; *Wiley & Foss, Inc.* v. *Saxony Theatres, Inc.* 332 Mass. 172, 174.

It is without the slightest consequence that the certificates were not made in the course of the *plaintiff's* business or that, as the defendant contends, the plaintiff does not always obtain such origin certificates and many of its perishable shipments are processed without them. The certificates were made by Federal inspectors in the regular course of the business of the Department of Agriculture. See 7 U. S. C. § 1622 (h) (1958). Copies were filed in its Washington headquarters. See 7 C. F. R. § 51.21 (1959). As stated in G. L. c. 233, § 78, the word "business" includes profession, occupation, and calling of every kind. See 28 U. S. C. § 1732 (1964); Uniform Business Records as Evidence Act, § 1 (1936), 9A U. L. A. 504; Am. Law Inst., Model Code of Evidence, Rule 514 (3) (1942); Uniform Rules of Evidence, Rules 62, 63 (13) (1953), 9A U. L. A. 589, 633–634, 635–636; Wigmore on Evidence (3d ed.) § 1523.

The Federal statute relating to the admission in evidence of records made in the regular course of business, 28 U. S. C. § 1732 (1964), is very similar to G. L. c. 233, § 78. In *La Porte* v. *United States*, 300 F. 2d 878 (9th Cir.), the defendant, a conscientious objector, had been charged in the District Court with failure to report, in lieu of military duty, to the Department of Charities of the city of Los Angeles, and a Selective Service form which indicated that he had failed so to report had been admitted in evidence at the trial.

On appeal it was said at page 880: "By the terms of 28 U. S. C. § 1732, Form 153 was admissible to prove defendant's failure to report as a record of that occurrence made in the regular course of business. The operations of the instrumentalities of government constitute 'business' within the meaning of the statute, and this is true of the operations of state and county agencies as well as those of the federal government agencies."

The defendant argues that by the admission of the certificates it has been deprived of its right of cross-examination and of any opportunity to impeach the testimony of the maker. Such an argument is of no avail. Section 78 does not require that a record be offered through the maker. "Under this statute it is plain that personal knowledge of the facts recorded on the part of the person testifying is not required." *Sellew* v. *Tuttle's Millinery Inc.* 319 Mass. 368, 371.

It is also completely irrelevant that the certificates may not be required by law but are obtainable at the option of the shipper. The certificates were not admitted as public records. So it is quite beside the point whether they may be described as required by law or made by a public officer in the performance of his duty. See *Commonwealth* v. *Dorr*, 216 Mass. 314, 319; Leach and Liacos, Handbook of Massachusetts Evidence, 243–244; McCormick on Evidence, §§ 291, 292. See also *Commonwealth* v. *Slavski*, 245 Mass. 405, 415–417.

In their brief, the amici raise for the first time the objection that the inspection certificates contain inadmissible expressions of opinion. We do not agree. The certificates were prepared after personal examination of the cantaloupes as packed in open crates. The descriptive notations are admissible, being similar in nature to a report of weather observations (*Commonwealth* v. *Dorr*, 216 Mass. 314, 319), or the evaluative report which accompanies X-ray photographs. *Whipple* v. *Grandchamp*, 261 Mass. 40, 44.

*Order of Appellate Division reversed.*
*Judgment for the plaintiff on the findings*
*of the Municipal Court.*