SHEILA M. KELLY & another *vs.* JOHN O'NEIL.

Suffolk.     April 10, 1973. — May 18, 1973.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Evidence,* Business record, Hearsay, Police report, Accident report,
    Official written statement, Public record.   *Error,* Whether error
    harmful.   *Motor Vehicle,* Report of accident.

At the trial of an action arising out of an accident involving a motor
    vehicle operated by the defendant, it was prejudicial error for the
    judge to admit in evidence the original report of the accident,
    purportedly under G. L. c. 233, § 78, and for the truth of the matters
    set out therein, prepared and signed by the investigating police officer
    pursuant to c. 90, § 29, and "kept in the ordinary course of business of
    the police department"; the report contained extrajudicial state-
    ments of the officer as to what he himself saw or otherwise observed
    with his own senses, as to which he was competent to testify at the
    trial, and contained statements made to him by other persons during
    the course of his investigation, as to which he was not competent to
    testify. [314-317]
At the trial of an action arising out of a motor vehicle collision, it was
    error for the judge to admit in evidence under G. L. c. 233, § 78, as a
    record kept in the usual course of business of the appropriate local
    police department, a carbon copy of the accident report signed by the
    operator of one of the vehicles and filed by her with the department
    pursuant to c. 90, § 26, as amended by St. 1965, c. 664. [317-319]

TORT.    Writ in the Superior Court dated June 21, 1967.

The action was heard by *Connolly,* J.

*Philip T. Corwin* for the defendant.

*Philip D. Epstein* for the plaintiffs.

GRANT, J.    The jury in the Superior Court in this action
of tort arising out of a motor vehicle accident returned
verdicts for Mrs. Kelly (plaintiff) on her count for personal
injuries and for her husband on his counts for damage to his
motor vehicle and for consequential damages. The accident
occurred in Georgetown on a rainy night in May of 1966
when a vehicle operated by the defendant struck the front

of the vehicle operated by the plaintiff as the latter vehicle was turning left from a public way into the driveway of the plaintiff's home. The case is here on the defendant's exceptions to the admission of three items of evidence. It is central to a consideration of each item that there was conflicting evidence on the questions whether the defendant was under the influence of liquor and whether the headlights of his vehicle were turned on at the time of the accident.

1. The first item was the signed original of a report of the accident prepared by a police officer who arrived at the scene of the accident shortly after its occurrence and who had talked with the plaintiff, the plaintiff's husband, the defendant and various persons claiming to have been witnesses to the accident but who are not identified in the report or otherwise. This report, signed by the investigating officer as of a date two days after the accident, is on a form which appears to have been furnished by the Registrar of Motor Vehicles for use by local police officers under the provisions of G. L. c. 90, § 29.[1] One portion of the form ("Operator Violations") contains a listing of eighteen distinct violations of the motor vehicle laws found in G. L. c. 90, accompanied by boxes permitting or requiring the officer to check the violations he might attribute to particular operators involved in an accident. Many of the violations so listed call for conclusions by the officer, such as, but not limited to, "[e]xceeding lawful speed," "[i]mproper passing," "[o]perating unregistered-uninsured vehicle" and "[o]ther moving violations (explain below)." In this instance the officer had checked a box to indicate that the defendant was "[o]perating under in-

---

[1] General Laws, c. 90, § 29, as amended through St. 1965, c. 156, provided in material part: "The chief officer of the police department of every ... town ... shall notify the registrar within fifteen days, upon blanks furnished by him, of the particulars of every accident referred to in section twenty-six [see fn. 6, *infra*] which happens within the limits of his ... town ... in which a motor vehicle is involved, together with such further information relative to such accident as the registrar may require . . . ." We are not here concerned with any of the subsequent amendments of § 29. See St. 1965, c. 216; St. 1967, cc. 163 and 193; St. 1968, c. 364; St. 1970, c. 534, §§ 1 and 2; St. 1972, c. 105, § 1.

fluence" at the time of the accident and had stated in the space provided below that the defendant had been "operating w/o license in possession."[2] At the conclusion of the form, in a space calling for a verbal description of the accident, the officer had included statements to the effect that the plaintiff and (unidentified) witnesses had stated that the defendant had put his headlights on after the collision. There was testimony from the chief of the police department in Georgetown that this report, as well as the report discussed under point 2 of this opinion, was "kept in the ordinary course of business of the police department."

The officer who had made and signed the report was called as a witness by the plaintiff. He appeared to have a recollection of the things which he had observed, heard and been told on the night of the accident which was completely independent of anything set out in his report (cf. *Fisher* v. *Swartz,* 333 Mass. 265, 267-270), which he himself described as "what he got as a consensus of what the witnesses who came upon the scene told him when he was talking to . . . [the defendant and the plaintiff's husband], one of whom said he saw the accident." Subject to the objection and exception of the defendant, the report was admitted in evidence at the conclusion of the officer's direct examination for the truth of the matters set out therein. It is clear from a remark made by the trial judge that in admitting this exhibit he purported to act under the provisions of G. L. c. 233, § 78 (as most recently amended by St. 1954, c. 442, § 1).[3]

---

[2] That particular assertion does not seem to have been disputed.

[3] "An entry in an account kept in a book or by a card system or by any other system of keeping accounts, or a writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall not be inadmissible in any civil or criminal proceeding as evidence of the facts therein stated because it is transcribed or because it is hearsay or self-serving, if the court finds that the entry, writing or record was made in good faith in the regular course of business and before the beginning of the civil or criminal proceeding aforesaid and that it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter. For the purposes hereof, the word 'business', in addition to its ordinary meaning, shall include profession, occupation and calling of every kind. . . ."

It is readily apparent, both from the identifying testimony and from the face of the exhibit itself, that two levels of hearsay are involved in this report: the first level being the extrajudicial statements of the officer as to what he himself saw or otherwise observed with his own senses at the time of his investigation and as to which he was competent to testify at trial; the second level being the statements made to the officer by other persons during the course of his investigation and as to which he would not be competent to testify at trial unless the statements so made to him should not be offered for the truth of the matters contained therein (in which case the hearsay rule would not apply) or unless they could be fitted into some other exception to the hearsay rule such, for example, as an admission made to the officer by a party against whom the report is offered. We have not been referred to, nor have we found, any case under Massachusetts law dealing with the admissibility of such second level hearsay under the provisions of G. L. c. 233, § 78.[4]

The better reasoned cases from other jurisdictions, including those decided under the provisions of what is now 28 U. S. C. § 1732(a) (1970),[5] hold that the second level of hearsay appearing in a police officer's report (such as that found in the report in this case) is not admissible in evidence under statutes similar to G. L. c. 233, § 78. See, e.g., Johnson v. Lutz, 253 N. Y. 124, 127-129; Gencarella v. Fyfe, 171 F. 2d 419, 420-421, 423 (1st Cir.); United States v. Graham, 391 F. 2d 439, 447-448 (6th Cir.), cert. den. 390 U. S. 1035, and 393 U. S. 941; Juaire v. Nardin, 395 F. 2d 373, 379 (2d Cir.), cert. den. 393 U. S. 938; United States v. Burruss, 418 F. 2d 677, 678-679 (4th Cir.); Yates v. Bair Transport, Inc. 249 F. Supp. 681, 683-688 (S. D. N. Y.). See also United States v. Grayson, 166 F. 2d 863, 869 (2d Cir.);

---

[4] The portion of the police report admitted in Carey v. New Yorker of Worcester, Inc. 355 Mass. 450, 453, did not contain second level hearsay.

[5] "The Federal statute relating to the admission in evidence of records made in the regular course of business, 28 U. S. C. § 1732 (1964), is very similar to G. L. c. 233, § 78." Sawyer & Co. v. Southern Pacific Co. 354 Mass. 481, 483.

*Felice* v. *Long Island R.R.* 426 F. 2d 192, 196-197 (2d. Cir.); Note, 48 Colum. L. Rev. 920, 926-929; McCormick, Evidence (2d ed.) § 310, pp. 726-727. Cf. Wigmore, Evidence (3d ed.) § 1530a, fn. 1. We accept those decisions and hold that the police report in this case was not admissible under the provisions of G. L. c. 233, § 78.

Nor would the police officer's duty under G. L. c. 90, § 29 (fn. 1) to prepare the report in question render it admissible under the official written statement exception to the hearsay rule. A record admissible under that exception may not contain second level hearsay, a conclusion, or an expression of opinion on the part of the declarant, such as that the defendant in this case was guilty of operating under the influence of intoxicating liquor. *Commonwealth* v. *Slavski,* 245 Mass. 405, 415-417. *Passanessi* v. *C. J. Maney Co. Inc.* 340 Mass. 599, 603. *Sawyer & Co.* v. *Southern Pacific Co.* 354 Mass. 481, 484.

We add that we are influenced to both these conclusions by a consideration of the uses to which such a report might be put in a criminal case if it should be admissible for the truth of the matters contained therein.

The police report, as well as the report discussed under point 2 of this opinion, was taken to the jury room during the jury's deliberations. In view of the aura of officialdom inherent in the report and apparent on its face, we cannot conclude that the error in admitting the report did not injuriously affect the substantial rights of the defendant within the purview of G. L. c. 231, § 132. See *Jacobs* v. *The Hertz Corp.* 358 Mass. 541, 542-544. His exception to the admission of this item of evidence must be sustained.

2. The second item of evidence admitted subject to the defendant's exception was a signed carbon copy of the accident report which the plaintiff herself had filed with the Georgetown police department pursuant to the requirements of G. L. c. 90, § 26 (as most recently amended by St. 1965, c. 664).[6] The plaintiff had been the first witness in

---

[6] "Every person operating a motor vehicle which is in any manner involved in an accident in which any person is killed or injured or in which there is damage in

Kelly *v.* O'Neil.

her own behalf and had been cross-examined by counsel for the defendant without any question having been put to her concerning her report.[7] For all that appears, she had an independent recollection of the accident. Subsequently, the defendant, as part of his case, recalled the plaintiff to the stand, whereupon she was asked a single question as to whether certain intervening testimony of the chief of police refreshed her recollection as to whether her report had been typed in her lawyer's office, or as to where it had been typed. Her answer was in the negative. As already noted,[7] her report had not been the subject of previous testimony on her part. The plaintiff, on ensuing cross-examination by her counsel, identified her signature on the report, which was then offered and received in evidence, subject to the defendant's objection and exception. The plaintiff, in the portion of the form calling for a verbal description of the accident, had stated of the defendant, among other things, that "[h]is lights were not on; he was in my opinion, under the influence of liquor." The judge stated that the report was being admitted as a record kept in the usual course of business of the Georgetown police department. The report had no tendency to rehabilitate the plaintiff or any part of her testimony.

Much of what has been said of the police report applies with equal force to the plaintiff's report. More immediately, however, for any document to be admissible under the provisions of G. L. c. 233, § 78, the court must first find, among other things, that "the entry, writing or record was made . . . in the regular course of business . . . and that it

---

excess of two hundred dollars to any one vehicle or other property shall within five days after such accident report in writing to the registrar on a form approved by him and send a copy thereof to the police department having jurisdiction over the place on the way where such accident occurred. . . .

"The registrar may require any such operator or owner to file a supplementary written report whenever in the opinion of the registrar the original report is insufficient.

"The registrar may revoke or suspend the license of any person violating any provision of this section."

[7] She was shown the police officer's report (point 1 this opinion) and asked if it refreshed her recollection of statements she had made to the officer. She testified, and the judge found, that it did not.

was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter." In no sense could it be found or said that the plaintiff had prepared her accident report in the regular course of any business in which she was engaged, or that it was her regular course to prepare such reports; the fact that the police department maintained such reports on file in the regular course of its business is not material.

If we consider the copy of such a report which is now required to be filed with the local police department a "public record" equally with the original which is required to be filed with the Registrar of Motor Vehicles (see *Lord* v. *Registrar of Motor Vehicles,* 347 Mass. 608, 610-612), the answer is that a record must have been prepared by a public officer or employee acting within the scope of his duty before it can be admitted under the official written statement exception to the hearsay rule. *Commonwealth* v. *Slavski,* 245 Mass. 405, 415-417. *Commonwealth* v. *Bird,* 264 Mass. 485, 488. *Amory* v. *Commonwealth,* 321 Mass. 240, 252-253. *Passanessi* v. *C. J. Maney Co. Inc.* 340 Mass. 599, 602-603. The plaintiff's accident report was obviously not that of a public officer or employee. The case of *Stowe* v. *Mason,* 289 Mass. 577, in which the operator's report was received against him for the truth of admissions therein made by him (p. 582), is clearly distinguishable.

The defendant's exception to the admission of this item of evidence must also be sustained.

3. The defendant's third exception was to the admission of testimony by the investigating police officer as to certain statements made to him by unidentified third persons in the defendant's presence at the scene of the accident and to which the defendant had said nothing in response. In particular, it would appear that one of the unidentified persons had told the officer in substance that he had been the driver of a vehicle following the defendant's vehicle on the road leading to the scene of the accident and that prior to the accident he had observed the defendant's vehicle being operated in an erratic manner, without its

headlights turned on. It is clear from the bill of exceptions that the defendant was removed from the scene of the accident in a police vehicle, and it seems quite likely that he was then under arrest. The bill is confusing as to whether the disputed statements of the unidentified persons were made before or after an arrest (or advice to the defendant that he would be booked).[8] As there must be a new trial in any event, and as the circumstances in which such statements may be reoffered will undoubtedly be clarified, or may indeed be entirely different, we shall not now decide whether such statements fall within the hearsay exception with respect to adoptive admissions by silence. See *Commonwealth* v. *Rembiszewski,* 363 Mass. 311, 315-316, and cases cited.

*Exceptions sustained.*

---

[8] We do not understand the defendant to argue that he was too intoxicated to hear the statements or understand them.