COMMONWEALTH vs. WILLIE W. UNDERWOOD.

Suffolk.    November 15, 1978. — March 6, 1979.

Present: KEVILLE, GOODMAN, & BROWN, JJ.

*Evidence,* Hospital record.

At the trial of a complaint charging the defendant with carrying a
    revolver in violation of G. L. c. 269, § 10(*a*), exclusion of a discharge
    summary in the defendant's hospital record was harmless error
    where the information in the discharge summary by which the
    defendant sought to show that he was incapable of carrying a gun
    at the time in question was also contained in two handwritten
    record entries which were admitted in evidence. [141-142]

COMPLAINT received and sworn to in the Municipal
Court of the Roxbury District on July 8, 1977.

On appeal to the Superior Court the case was tried
before *Silverman*, J., a District Court judge sitting under
statutory authority.

The case was submitted on briefs.

*Fern L. Nesson* for the defendant.

*James M. Lynch*, Assistant District Attorney, for the
Commonwealth.

GOODMAN, J. The defendant appeals (G. L. c. 278,
§§ 33A-33G) from a conviction in the Superior Court on a
complaint charging him with carrying a revolver in viola-
tion of G. L. c. 269, § 10(*a*). The facts which the jury could
have found are these: On July 3, 1977, at 5:20 P.M., two
police officers received a radio call directing them to
Mount Pleasant Avenue, Boston. As they approached in
their patrol car, they saw the defendant standing next to
a tree and moving back behind it. He was bleeding from
a wound in his upper right arm and was holding a revolv-
er in his right hand down by his side. Another man was

standing about twenty feet away from the defendant and was holding a shotgun; he was unharmed. It was apparent that he had just shot the defendant. The police officers left the patrol car; one of them approached the defendant and, pointing his service revolver, ordered the defendant to drop his weapon. The defendant dropped the revolver to the ground and was arrested. He was taken to the Boston City Hospital. The other policeman arrested the man with the shotgun.

The defense offered as its only evidence the defendant's hospital record while at the Boston City Hospital, which contained a handwritten entry on the admission record, dated July 3, 1977, signed by a physician, noting "entry and exit wounds in (R) upper arm" and "poor grasp." There was a subsequent handwritten entry dated July 7, 1977, by a physiotherapist, which noted that there was "no active extension of wrist or fingers." A "Discharge Summary" dated July 31, 1977, signed by another physician, incorporated this information under the heading "Physical Examination" and contained a "Discharge Diagnosis" and a "Disposition" that "the patient [who had been put in a "long arm cast"] will be seen in the clinic in one week." The hospital record was offered to show that the defendant was incapable of carrying a gun when the police approached him, and thus to rebut their testimony. The trial judge admitted the record in evidence as relevant to that purpose, excluding, however, the "Discharge Summary," apparently because it was made on July 31, twenty-eight days after the defendant was shot. The defendant's sole contention is that the exclusion of the discharge summary was error. We agree but find the error harmless.

General Laws c. 233, § 79, mandates broadly the admission of hospital records "so far as such records relate to . . . medical history," when such records are (as the trial judge in effect ruled in admitting the rest of the hospital record) "relevant also to a material issue of the case." *Commonwealth* v. *Copeland,* 375 Mass. 438, 442 (1978).

We see nothing in the statute which permits a different result because the history is contained in a recapitulation of information recorded by others which provides a context for the disposition on discharge of the patient. See *Bouchie* v. *Murray,* 376 Mass. 524, 528 (1978); *Saba* v. *Cohen,* 333 Mass. 557, 558-559 (1956) (records containing entries that were transcribed from other records did not render them inadmissible under G. L. c. 233, § 78); *Greenberg* v. *Weisman,* 345 Mass. 700, 703 (1963) (holding admissible a summary under G. L. c. 233, § 78); *Commonwealth* v. *Kiley,* 373 Mass. 454, 462 (1977) (holding admissible under G. L. c. 233, § 78, "the factual entries on certain documents prepared by an independent firm of auditors"). See also *Molloy* v. *Kizelewicz,* 343 Mass. 402, 404 (1961), and *Commonwealth* v. *Ennis,* 2 Mass. App. Ct. 864, 864 (1974), in both of which entries on discharge were admitted without discussion.

While, as the defendant argues, the discharge summary was somewhat clearer than the two handwritten entries which it summarized, defense counsel in his closing pointed out to the jury the "notation of poor grasp in Mr. Underwood's right hand" and referred to the physiotherapist's entry. We do not believe that the discharge summary could have had sufficient additional impact to change the result.

*Judgment affirmed.*