COMMONWEALTH *vs.* KENNETH L. REED. January 26, 1983. 1. Assuming without deciding that it was error to admit the hospital record without excising the history of the rape and beating reported by the victim to the hospital's "psychiatric nurse practitioner and rape victim counselor" (see G. L. c. 233, § 79; *Bouchie* v. *Murray,* 376 Mass. 524, 529-530 [1978]) the evidence was merely cumulative and clearly harmless in view of the fact that the nurse practitioner was herself a witness at the trial and properly testified as a fresh complaint witness to the same history in substantially the same language. *Commonwealth* v. *Izzo,* 359 Mass. 39, 43 (1971). See also *Commonwealth* v. *Underwood,* 7 Mass. App. Ct. 140, 141-142 (1979). 2. There was no error in the admission of the statement made by the defendant's wife to the police (when they came to his apartment to arrest him) denying that he was at home and asserting that the defendant (who was lying in bed nearby and awake) was someone else. Her statements were not hearsay because they were not offered to prove the truth of her assertions. If in some circumstances there might be unfairness in allowing a jury to impute one person's consciousness of guilt to another, there was no such unfairness here, where the defendant also explicitly denied to the police that he was Kenneth Reed and continued to deny that he was Kenneth Reed as late as the booking procedure at the station house.

*Judgments affirmed.*

*Brownlow M. Speer* for the defendant.
*John N. Tramontozzi,* Assistant District Attorney, for the Commonwealth.