COMMONWEALTH *vs.* SAMUEL A. McDUFFIE. October 19, 1983. *Evidence,* Hospital record, Record of past knowledge, Fresh complaint. *Error,* Harmless.

The defendant appeals from his conviction by a jury on an indictment charging him with rape under G. L. c. 265, § 22(*b*). He argues that he was denied a fair trial by the admission in evidence of a rape incident report (report) prepared by medical personnel who treated the victim and who testified at the trial. We reverse.

The report is prepared on a sheet bearing the hospital's letterhead and entitled "medical protocol for reported rape." According to the medical testimony, preparation of the report serves a two-fold purpose: (1) to

ascertain information necessary to the victim's medical treatment; and (2) to record the victim's fresh complaint in the event of a trial. Printed instructions appear on the report, directing that the incident be described in the words of the victim and that the description "include time, place, circumstances, violence, threats, sex acts, etc." The report in question satisfied these instructions.

The Commonwealth argues that the report was admissible: (1) as a record of the past recollection of those who prepared the report; (2) as a hospital record; and (3) as evidence of the victim's fresh complaint.

1. The Commonwealth's contention that the report was admissible as the recorded past recollection of the doctor and the nurse who had prepared it is not supported by the transcript which shows that the doctor and nurse used the report to refresh and revive their present recollection of the statements therein recorded. See *Fisher* v. *Swartz*, 333 Mass. 265, 267 (1955). See also, Liacos, Massachusetts Evidence § 5(A), at 87 (5th ed. 1981).

2. Our review of the report leads us to conclude that although portions of it might be construed as admissible under G. L. c. 233, § 79, see *Commonwealth* v. *Perry*, 385 Mass. 639, 641-642 (1982); *Commonwealth* v. *Gogan*, 389 Mass. 255, 263 (1983), many of the statements in the report were inadmissible under § 79 for the reasons set out in *Bouchie* v. *Murray*, 376 Mass. 524, 528-529 (1978), and *Kelly* v. *O'Neil*, 1 Mass. App. Ct. 313, 316-317 (1973). See also *Commonwealth* v. *Reed*, 15 Mass. App. Ct. 929 (1983). Moreover, the Commonwealth had no need to rely upon § 79 to put the admissible information contained in the report before the jury, as those who had prepared the report were called as witnesses by the Commonwealth at the defendant's trial. See *Bouchie* v. *Murray*, 376 Mass. at 527, quoting from *Leonard* v. *Boston Elev. Ry.*, 234 Mass. 480, 482 (1920). We hold that in this case (where much of the report was inadmissible under § 79 and where those who had prepared the report testified at the trial) the report was not admissible as a hospital record under § 79.

3. It does not follow that the report was admissible simply because it contained facts showing the victim's fresh complaint. The doctor and nurse who had prepared the report testified to their present recollection of the victim's fresh complaint to them. There was, therefore, no necessity or independent basis of admissibility for the report, and it was error to admit it in evidence.

4. We cannot dispose of the error by regarding the report as merely cumulative to the fresh complaint testimony, and hence harmless (compare *Commonwealth* v. *Reed*, 15 Mass. App. Ct. 929 [1983]), for the following reasons. During closing argument, the prosecutor stated to the jury: "They are trying to pull you away from this hospital record and away from this house. This is the only document you need . . . when you go upstairs"; "[I]f at any time during your deliberations you find that you

feel that you are going to find this man innocent, read this report"; "Within an hour of the time that this happened, she was giving her account, and its all here as to what happened to her"; and, "[Q]uite simply, the only issue that you have to decide is: What happened in his house on that night? Was there consensual sex, or was there rape? Read this report." Although we do not suggest prosecutorial misconduct, we think that these remarks, which caused defense counsel to renew his objection to the report and move for a mistrial, could be construed by the jury as an invitation to use the report for all purposes. Additionally, the prosecutor's statements were not put in an appropriate perspective by a clear and strong instruction limiting the use of fresh complaint evidence. See *Commonwealth* v. *Bailey*, 370 Mass. 388, 396 (1976). Indeed, the trial judge's instructions to the jury could have exacerbated any confusion. He first instructed the jury: "[E]xhibits in this case . . . are evidence, and they will go with you to the jury room. You will have an opportunity to review them to whatever extent you feel you wish. So testimony of witnesses and exhibits in the case are evidence and are to be considered by you." The limiting instruction on use of fresh complaint evidence was put in the following words: "[W]hatever the young lady might have said to her sister or the police officers and the nurse and doctor in the hospital is not to be considered by you as evidence of guilt of the defendant but only for the purpose I have just stated: that is, as corroborating or substantiating her testimony here." Defense counsel objected to the instruction and requested the trial judge to clarify the fresh complaint portion of the charge on the stated basis that in its present form it created the impression that if the victim "said it, it's true." No further instruction was given. Even treating the instruction as adequate in respect to the fresh complaint testimony, we think that when the instruction is viewed with the prosecutor's closing remarks and the initial instruction concerning use of the exhibits, the jury could and may have believed, erroneously, that the report, unlike the testimony, could be used for all purposes and not corroboration only.

The question for the jury was consent, whether to accept the victim's or the defendant's account of the incident. See *Commonwealth* v. *Bohannon*, 376 Mass. 90, 94 (1978). The defendant tenaciously preserved his appellate rights throughout the trial and used the report to what advantage he could only after it had been received in evidence. The Commonwealth had no need to use the report because the doctor and nurse testified. With its potential for misuse by the jury because of the prosecutor's remarks and the trial judge's instructions, the report placed before the jury during their deliberations a written account of only the victim's version of the incident (cf. *Commonwealth* v. *Bianco*, 388 Mass. 358, 370 [1983], quoting from *Commonwealth* v. *Mandeville*, 386 Mass. 393, 405 [1982]) and in a manner giving it "the aura of officialdom inherent in the report and apparent on its face." *Kelly* v. *O'Neil*, 1 Mass. App. Ct. at 317. Although none of these facts taken singly might have led us to a

reversal, the cumulative effect of these considerations is the conclusion that we cannot say that the error was harmless.

*Judgment reversed.*

*Verdict set aside.*

*Eric Brandt* for the defendant.

*Judy G. Zeprun*, Assistant District Attorney, for the Commonwealth.