OToole, J.
Following the disallowance by the trial judge of a proposed draft report, the defendant Karen Construction Co. brought a petition before the Appellate Division to establish a report. Dist./Mun. Cts. R. Civ. P., Rule 64 - e). The suit below was an action to recover equipment rental damages. After t al, there was a judgment for the plaintiff.
The defendant requested a report, see Dist./Mun. Cts. R. Civ. P., Rule 64 (c), claiming to be aggrieved by an evidentiary ruling of the trial judge admitting in evidence a certain ledger card as a regular business entry under, G.L. c. 233, § 78 and further by the refusal of the trial judge to “dismiss” the plaintiffs suit upon the defendant’s motion, made at the close of the plaintiffs case, for the reason that the plaintiff had not sufficiently proved its own corporate existence. After hearing, the trial judge disallowed the requested report, and the plaintiff brought the present petition.
There was no error. The defendant failed properly to preserve for appeal either of its claims of grievance. With respect to the evidentiary ruling, the defendant did not file a written request for a report of the ruling as prescribed by Dist./Mun. Cts.RCiv. P., Rule 64 (a).As a consequence of his failure, the defendant is precluded from arguing the point on appeal. Gidwani v. Wasserman, 373 Mass. 162, 167 (1977).
At the conclusion of trial, the defendant did not request any rulings of law to be made by the trial judge. See Dist./Mun. Cts. R. Civ. P., Rule 64 (b). The proposed draft report thus failed to present any question of law for appellate determination, and the disallowance of the draft report was proper. Carlsberg Printers, Inc. v. Shields, 56 Mass. App. Dec. 131, 132 (Northern District, 1975).
At oral argument, the plaintiff requested that the Court impose double costs upon the defendant, arguing that the defendant’s attempted appeal was frivolous. See G.L. c. 231, § 108, third paragraph. We agree and grant the request.
The procedural steps that must be taken to bring an issue properly before the Appellate Division are amply set forth in Rule 64 and abundant precedent. That the defendant omitted to observe the rudiments of Rule 64 is perfectly plain, and it is equallyplain that, having failed to do so, it had no viable appeal. *51 An attempted appeal with no likely prospect of success must be frivolous within the meaning of section 108. See Foreign Motors, Inc. v. Mamber, 53 Mass. App. Dec. 56 (1975).
Beyond this sufficient reason for the allowance of double costs, we are confirmed in our view by the lack of merit in the points sought to be appealed, so far as we are able to discern them from the defendant’s petition. With respect to the admission of the ledger card as a regular business entry, the defendant’s claim of error appears to rest on the fact that the witness who testified to the necessary foundation for admissibility under G.L. c. 233, § 78 was not the person who had prepared the record. This is by itself no reason for the exclusion of the record. “Section 78 does not require that a record be offered through the maker.” Sawyer & Co. v. Southern Pacific Co., 354 Mass. 481, 484 (1968). No other reason for excluding the record was suggested by the defendant. Nothing to the contrary appearing, the admission of the record implies a finding by the trial judge of the necessary facts prerequisite to its admission. Sawyer & Co. v. Southern Pacific Co., supra, at 483.
The other claimed error, the plaintiffs supposed failure to prove its corporate existence, is also wholly meritless. In the first place, the defendant’s failure to comply with the rules of procedure again vitiates its claim of error. Mass. R. Civ. P., Rule 9 (a), (applicable in the Municipal Court) requires a defendant intending to contest the corporate existence of a plaintiff to do so “by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader’s knowledge,” incorporating the principle previously contained in G.L. c. 231, § 30, now repealed. According to the defendant’s proposed draft report, the answer merely stated that the defendant was without sufficient knowledge either to admit or deny the plaintiffs allegation of valid corporate existence. Such an answer falls short of the “specific negative averment” required by Rule 9 (a).
Moreover, the evidence summarized in the proposed draft report would have been sufficient to warrant a finding of corporate existence, had the fact been in issue. From the proposed draft report it appears that the plaintiffs witness testified that he was an officer of Logan Equipment Corporation. This testimony would have been enough, uncontroverted as it appears to have been, to sustain a finding of corporate existence. Edgcomb Steel of New England, Inc. v. Salvo Armstrong Steel Co., Inc., 381 Mass. 773 (1980) (rescript).
The petition to establish a report is denied.
The defendant-petitioner is to be taxed double costs.