COMMONWEALTH *vs.* ANGELO MULA. March 8, 1985. *Evidence*, Hospital record, Fresh complaint, Cumulative. *Practice, Criminal*, Instructions to jury, Assistance of counsel.

The defendant appeals from a conviction by a jury of rape on which he was sentenced to a term of ten years at M.C.I., Concord. 1. (a) Even if we were to assume portions of the hospital record containing the victim's accounts of the details of the incident were not admissible under G. L. c. 233, § 79 (*Commonwealth* v. *McDuffie*, 16 Mass. App. Ct. 1016, 1017 [1983]) and that because the writings themselves constituted hearsay they were not admissible as evidence of fresh complaint (see *Commonwealth* v. *McDuffie*, 16 Mass. App. Ct. at 1017; but see *Commonwealth* v. *Sherry*, 386 Mass. 682, 690 [1982]), we would conclude that any error was harmless

because the accounts in the hospital record were merely cumulative of other evidence which was properly admitted and limited. *Commonwealth* v. *Izzo*, 359 Mass. 39, 43 (1971). *Commonwealth* v. *Reed*, 15 Mass. App. Ct. 929 (1983). *Commonwealth* v. *Sumner*, 18 Mass. App. Ct. 349, 356 (1984). This case is distinguishable from *Commonwealth* v. *McDuffie*, 16 Mass. App. Ct. 1017-1018, in which the prosecutor in closing argument urged the jurors to rely on the medical records as evidence of what had occurred; here, in contrast, no undue attention was called to the record, and instructions on the use of fresh complaint evidence were given, both when the record was admitted and in the final instructions to the jury. (b) Trial counsel declined the judge's invitation to object to the particular statements included in the medical record which are now said to have been inadmissible and which, on properly directed objections, might have been excluded. Many of them were admissible under G. L. c. 233, § 79, because they pertained primarily to medical history and treatment and only incidentally to liability. See *Commonwealth* v. *Franks*, 359 Mass. 577, 580 (1971); *Commonwealth* v. *Concepcion*, 362 Mass. 653, 654-656 (1972); *Commonwealth* v. *Gogan*, 389 Mass. 255, 263 (1983). None of the statements now objected to created a substantial risk of a miscarriage of justice in the context of this case. 2. (a) Although the judge in the final instructions to the jury on the use of fresh complaint evidence did not specifically refer to the statements made to the nurse and recorded in the hospital record, trial counsel did not object or request additional instructions. As the judge had made very clear in the instruction to the jury when the hospital record was first introduced that the report of the incident given to the nurse by the victim was to be used only as evidence of fresh complaint, it is unlikely that the inadvertent omission from the final instructions would have left a reasonable juror with the impression (see *Commonwealth* v. *Moreira*, 385 Mass. 792, 794 [1982]) that the written account, as distinct from oral testimony, could be used for all purposes. In the context of this case the instructions did not create a substantial risk of a miscarriage of justice. Contrast *Commonwealth* v. *McDuffie*, 16 Mass. App. Ct. at 1018, where the prosecutor urged the jurors to use the medical report for all purposes and final instructions did not correct that misconception. (b) Trial counsel did not request, either when the record was introduced or following the final instructions to the jury, an instruction on fresh complaint specifically referring to the one-paragraph written summary by the emergency room doctor of the victim's report of the incident, which had been admitted as evidence of fresh complaint. The summary was brief, used the words "alleged rape," and otherwise made clear that it was the complainant's account, and was in any event merely cumulative of other evidence; moreover, general instructions on use of fresh complaint evidence were given. Contrast *Commonwealth* v. *Spare*, 353 Mass. 263, 265-266 (1967). There was no risk of a miscarriage of justice. 3. The repetition of the details of the victim's account of the incident by four witnesses and in two written accounts did not create a substantial risk of

a miscarriage of justice. See *Commonwealth* v. *Bailey*, 370 Mass. 388, 394-397 (1976). 4. The failure of trial counsel to request an additional instruction referring specifically to the hospital record in the instructions on fresh complaint evidence did not so prejudice the defendant as to make a material difference in the outcome (see *Commonwealth* v. *Sielicki*, 391 Mass. 377, 378 [1984]) and "is not the type of serious incompetency approaching malpractice that constitutes ineffective assistance of counsel." *Commonwealth* v. *Gaeten*, 15 Mass. App. Ct. 524, 533 (1983). Compare *Commonwealth* v. *Conceicao*, 388 Mass. 255, 265-266 (1983). The failure to object to the number of fresh complaint witnesses did not constitute "serious incompetency," as there is no indication in the case law that a motion to limit the number of fresh complaint witnesses would have been allowed. See *Commonwealth* v. *Bailey*, 370 Mass. at 393 (three witnesses testified to details of fresh complaint); *Commonwealth* v. *Sherry*, 386 Mass. at 690 (fresh complaint testimony of three witnesses and hospital report containing victim's account of incident admitted); *Commonwealth* v. *Lund*, 5 Mass. App. Ct. 884 (1977) (five fresh complaint witnesses); *Commonwealth* v. *Manning*, 6 Mass. App. Ct. 430, 434 (1978) (three fresh complaint witnesses plus medical report). See also *Commonwealth* v. *Izzo*, 359 Mass. at 42-43. Where there is no basis for relief, trial counsel cannot be expected to raise an issue. *Commonwealth* v. *Festa*, 388 Mass. 513, 516 (1983). 5. The order denying the motion for a new trial and the judgment on indictment no. 83-1767 are affirmed.

*So ordered.*

*Thomas G. Shapiro* for the defendant.
*Karen J. Kepler*, Assistant District Attorney, for the Commonwealth.