## WILSON ORTIZ *vs.* NORTH AMHERST AUTO RENTAL, INC.

No. 03-P-1467.

Suffolk. November 17, 2004. - September 12, 2005.

Present: BECK, GELINAS, & KAFKER, JJ.

*Negligence,* Entrustment, Motor vehicle, Proximate cause. *Motor Vehicle,* Entrustment, Lease agreement. *Proximate Cause.*

In a civil action against the defendant automobile rental company arising from injuries that the plaintiff sustained when he was struck by an automobile driven by an individual to whom the defendant had rented the automobile, the judge erred in denying the defendant's motion for judgment notwithstanding the verdict, where the defendant could not be held liable for common-law negligent entrustment because there was no evidence to suggest that the defendant had actual knowledge of the individual's incompetence to drive [501]; where the defendant fulfilled its duty under G. L. c. 90, § 32C, when the individual had shown a valid international driving permit to the defendant's employee upon renting the vehicle [501-502]; where the defendant owed the plaintiff no duty under G. L. c. 90, § 12 [502]; and where the facts of the case did not suggest that the defendant's actions caused the plaintiff's injuries [502].

CIVIL ACTION commenced in the Superior Court Department on December 8, 1999.

The case was tried before *Carol S. Ball,* J., and motions for judgment notwithstanding the verdict and for a new trial were considered by her.

*Mary Alice McLaughlin* for the defendant.

*Simon Dixon* for the plaintiff.

BECK, J. On February 26, 1999, Ravinderpal Chana, a twenty-one year old student at the University of Massachusetts, rented a car from defendant North Amherst Auto Rental, Inc. (NAAR). At approximately 3:00 A.M. on February 28, Chana struck the plaintiff, Wilson Ortiz, also a student at the university, as Ortiz walked in the street with two friends. Ortiz suffered a bimalleolar fracture of his right ankle as a result of the accident.

Ortiz filed suit against the rental company. (His action against Chana was settled.) He claimed that NAAR was liable on theories of negligence and negligent entrustment because at the time Chana rented the car, he presented his international driving permit (IPD), rather than his actual driver's license. After a four day trial, a Superior Court jury found NAAR negligent and awarded $200,000 to Ortiz. (At the close of Ortiz's case, NAAR's motion for a directed verdict was denied.) NAAR's motions for entry of judgment notwithstanding the verdict and for a new trial were also denied. NAAR appeals.

*Driving permit.* At the time Chana, a citizen of Zimbabwe, rented the car from NAAR, he presented a valid IDP. He did not show an actual Zimbabwe driver's license. The IDP included a photograph of Chana as well as his name, address, date of birth, and driver's license number. The IDP was issued by the Automobile Association of Zimbabwe. Chana had rented cars from the rental company on several previous occasions without incident, each time showing only his IDP. His answers to specific questions revealed no history of impaired driving.

The IDP is a product of the 1949 Convention on Road Traffic, to which both the United States and Zimbabwe are parties. See Convention on Road Traffic, Sept. 19, 1949, art. 24, 3 U.S.T. 3008, 3016-3017. It is a translation into ten languages of the information on one's driver's license issued by that driver's home country. See *id.* annex 10, 3 U.S.T. at 3048-3050. This document assists other countries in understanding the holder's driving privileges. Although the IDP itself does not confer driving privileges, see Registry of Motor Vehicles, Commonwealth of Massachusetts Driver's Manual 157 (1999), it can only be obtained from "the competent authority" of the driver's home country or a duly authorized association, "after the driver has given proof of his competence," such as possession of a valid driver's license. Convention on Road Traffic, art. 24, § 3, 3 U.S.T. at 3016. Moreover, "[t]he holder [is] entitled to drive in all Contracting States[,] without further examination[,] motor vehicles coming within the categories for which the permit has been issued." *Id.* art. 24, § 3, 3 U.S.T. at 3017.

*Issues on appeal.* NAAR argues, in part, on appeal that (1) it cannot be held liable for negligent entrustment under the com-

mon law because it had no actual knowledge of any incompetence on the part of Chana; (2) it fulfilled its duty under G. L. c. 90, § 32C, when Chana showed his valid IDP to NAAR's employee upon renting the vehicle; (3) G. L. c. 90, § 12, is not a basis for liability; and (4) its actions were not the proximate cause of Ortiz's injuries.

*Common-law negligent entrustment.* To succeed on a claim for common-law negligent entrustment, the plaintiff must show that the defendant had actual knowledge, as opposed to just reason to know, of the driver's incompetence. *Mitchell* v. *Hastings & Koch Enterprises, Inc.*, 38 Mass. App. Ct. 271, 277 (1995). In this case, there is no evidence to suggest that NAAR had actual knowledge of any incompetence. In fact, Chana had rented from NAAR on several previous occasions and had not been involved in an accident. Indeed, there is nothing in the record to suggest that Chana had a poor driving record. Therefore, as a matter of law, NAAR may not be found liable under a theory of common-law negligent entrustment.

*G. L. c. 90, § 32C.* Section 32C provides, in relevant part:

> "No lessor shall lease any motor vehicle or trailer until the lessee shows that he or his authorized operator is the holder of a duly issued license to operate the type of motor vehicle or trailer which is being leased."

G. L. c. 90, § 32C, inserted by St. 1971, c. 117. The issue whether an IDP satisfies the "holder of a duly issued license" requirement in § 32C is one of first impression in this Commonwealth as well as, apparently, in other states. In analyzing § 32C, "[w]e must ascertain the intent of a statute from all of its parts, from the subject matter to which it relates, and we must [then] construe it so as to render the legislation effective, consonant with reason and common sense." *Bay Colony Mktg. Co.* v. *Fruit Salad, Inc.*, 41 Mass. App. Ct. 662, 664-665 (1996).

We acknowledge that the IDP itself does not confer driving privileges. See Commonwealth of Massachusetts Driver's Manual, *supra.* However, the IDP may only be obtained if the holder already has a valid driver's license. Therefore it was reasonable for NAAR to conclude that if Chana had a valid IDP, then he also was the holder of a duly issued license. If the

IDP cannot be used as a representation of the fact that the driver has a driver's license, then it would have no real use at all, aside from serving as another form of photographic identification.

We regard the language in the Convention on Road Traffic, *supra*, as an indication that the countries involved meant to introduce the IDP as a proxy for a driver's license in a limited number of circumstances, and we conclude that this is one of those circumstances. If countries required display of a license, the IDP would not ease the burden, and there would be no reason for the home country to verify the driver's license before issuing the IDP. Additionally, some countries do not issue physical driver's licenses, making the IDP the only practical option to residents of those countries. Finally, the task of attempting to verify and distinguish between foreign driver's licenses, many of which may be in unfamiliar languages or potentially fraudulent, is virtually impossible for companies like NAAR.

*G. L. c. 90, § 12.* Liability based on Ortiz's argument that NAAR violated its duty under G. L. c. 90, § 12, was recently addressed by this court in *Nunez* v. *A & M Rentals, Inc.*, 63 Mass. App. Ct. 20, 23-25 (2005). Our opinion in that case is controlling here. We therefore conclude that NAAR owed no duty to Ortiz under § 12, notwithstanding Ortiz's citation to *Thompson* v. *Auto Credit Rehabilitation Corp.*, 56 Mass. App. Ct. 1, 7-9 (2002), and argument to the contrary.

*Proximate cause.* The facts of this case do not suggest that NAAR's conduct, in allowing Chana to rent the car he was driving at the time of the accident, caused the injuries to Ortiz.

*Conclusion.* The judgment in favor of Ortiz is reversed, the verdict is set aside, and a new judgment shall enter for NAAR.

*So ordered.*