Roach, Christine M., J.
Defendant Paulo Da Silva, the owner of a personal watercraft (in this case a jet ski) involved in a serious accident on Lake Quinsigamond in August 2006, has moved for summary judgment on the grounds that Plaintiff cannot prove a claim for negligent entrustment by Da Silva of the jet ski to Defendant Trev Warshauer, the operator involved in the accident. Following hearing on March 21,2008 and supplementation of the record by the parties through May 28, 2008, and for the reasons discussed herein, Defendant Da Silva’s motion is ALLOWED, and he is hereby DISMISSED from this action with prejudice.
Undisputed Background Facts
On August 8, 2006, Da Silva loaned his jet ski to a friend and business acquaintance, Defendant Warshauer. Da Silva and Warshauer had known one another for approximately seven years, as their small companies did business together. When Warshauer was in town on business, he frequently stayed at the apartment Da Silva rented, adjacent to the business site. The two gentlemen socialized, including with neighbors of Da Silva, on some of the occasions when Warshauer was in town. Warshauer was 48 years old at the time of the accident.
The jet ski was a new purchase by Da Silva, who registered it for the first time on the morning of August 8, 2006. Da Silva did not accompany Warshauer to the lake with the jet ski on August 8, 2006. Nonetheless, Da Silva has testified that he reviewed the basic operation of the jet ski with Warshauer. Da Silva had used the jet ski himself and with Warshauer, on one occasion two days prior to the accident. Da Silva gave permission for Warshauer to take the jet ski out on the lake again on August 8, 2006 with a minor passenger, the child of mutual acquaintances.
*229 Plaintiffs Allegations
Plaintiff has contended that Warshauer was not fit to operate the jet ski due to inexperience; and that Da Silva either knew Warshauer was unfit, or was not competent to judge Warshauer’s fitness. Plaintiff makes these allegations in an effort to plead and prove the tort of negligent entrustment.[1] Additional discovery in the form of Da Silva’s deposition has occurred during the pendency of the Motion, pursuant to an order of the court.[2] Unless otherwise indicated, the court has considered all of the factual material on file herein in resolving this Motion.
Summary Judgment Standard
Summary judgment shall be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006). Where as here the opposing party has the burden of proof at trial, the moving party must demonstrate, “by reference to materials properly in the summary judgment record, unmet by countervailing materials” that Plaintiff has no reasonable expectation of proving an essential element of her case. Id., citing Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Da Silva may satisfy his burden either by submitting affirmative evidence that negates an essential element of Plaintiffs case against him, or by demonstrating that Plaintiff has no reasonable expectation of proving an essential element of her case at trial. Flesner v. Technical Communications Corp., 410 Mass. 804, 809 (1991). Da Silva has done both.
Negligent Entrustment
To prove a claim for negligent entrustment, “the plaintiff must establish that (1) the defendant entrusted a vehicle to an incompetent or unfit person whose incompetence or unfitness was the cause of the plaintiffs injuries; (2) the persons who owned and controlled the vehicle gave specific or general permission to the operator to drive the [vehicle]; and (3) the defendant had actual knowledge of the incompetence or unfitness of the operator to drive the vehicle.” Picard v. Thomas, 60 Mass.App.Ct. 362, 369 (2004), citing Leone v. Doran, 363 Mass. 1, 11 (1973). Actual knowledge by the entrustor of the unfitness of the entrustee at the time permission was granted is a critical element. Peters v. Haymarket Leasing, Inc., 64 Mass.App.Ct. 767, 771 (2005); Ortiz v. North Amherst Auto Rental, Inc., 64 Mass.App.Ct. 499, 501 (2005); Mitchell v. Hastings & Koch Enterprises, Inc., 38 Mass.App.Ct. 271, 276-78 (1995). In the absence of evidence of such actual knowledge, summary judgment is appropriate. Peters, 64 Mass.App.Ct. at 771.
The second element (permission granted by Da Silva) is undisputed here. However, Plaintiff has failed to establish on this record a countervailing genuine factual dispute for trial that Warshauer was incompetent or unfit to operate the jet ski, and that Da Silva had actual knowledge of such unfitness. Failing to do so in the face of Da Silva’s motion requires that judgment enter in favor of Da Silva as a matter of law. Kourvacilis, 410 Mass. at 716.
Analysis of Facts on the Elements Warshauer's Fitness
Plaintiff has admitted in her opposition to summary judgment that she has no personal knowledge about Warshauer’s fitness. For purposes of this element, she appears to be relying solely on police reports in connection with the accident. In particular, the reports submitted as exhibits in Opposition to the Motion contain the following references which allegedly go to the question of Warshauer’s fitness: 1) an opinion of an investigating officer with respect to Mr. Warshauer’s experience with the vehicle; 2) an opinion/conclusion with respect to causation of the accident; and 3) opinions with respect to the actions of Warshauer, as described to the investigative officers by third-party witnesses. Rule 9(A)(b)(5) Response of Plaintiff Regarding Material Facts and Affidavit with Exhibits.
Da Silva rightly challenges and moves to strike much of the material submitted byway of police reports, on the basis of inadmissible hearsay. (Paper No. 32.) Plaintiff in turn rightly concedes that many of the statements on which she at first sought to rely are inadmissible. (Paper No. 32 at Opposition.) The court accordingly expressly disregards, and does not consider for purposes of the Motion, any opinions or conclusions offered by the investigating officers, as well as any statements contained in the reports made by persons other than Defendant Warshauer. Defendant Warshauer’s own statements are non-hearsay admissions of a party, and thus admissible for purposes of this Motion. Proposed Mass.R.Evid. 801(d)(2) and 803(8)(C); Sklar v. Beth Israel Deaconess Medical Center, 59 Mass.App.Ct. 550, 556 at n.8 (2003); Mattoon v. Pittsfield, 56 Mass.App.Ct. 124, 134-36 (2002); Kelly v. O’Neil, 1 Mass.App.Ct. 313 (1973). From these admissions and Warshauer’s deposition[3] may be gleaned the following.
Mr. Warshauer was bom December 18, 1957, and thus was 48 years old at the time of the accident. Warshauer had operated jet skis a few times (about ten hours of experience), and felt he knew enough about such operation. He has never owned a jet ski of his own, but had operated this vehicle before, the first time being the previous Sunday on this same lake. During prior rentals of other jet skis, Warshauer received basic instruction. On Sunday June 6, 2006, Warshauer received basic instruction from Da Silva on start-up and operation of this jet ski. Opposition Exhibit 1, Trev Warshauer interview transcript, at pages 20, 27-28; Exhibit 2, interview at page 2; Warshauer Deposition at 14-16; 50-52.
On the evening of the accident Warshauer had a 12-year-old passenger on the jet ski, who he had taken out on the lake to teach him maritime rules. Warshauer had previous boating experience. He had *230 knowledge of the boating rules of the road, safety, and rescue from a series of scuba diving courses he took the 1980s, by which he was eventually certified. Warshauer has rented boats, and taken both oral and written instruction in that context. He used to own a Hobie Cat, and he used to race catamarans when he was in college. He “knows about maritime stuff,” and has friends who are operators of large yachts. Id.
Based on these facts the court finds no evidence that Warshauer was incompetent or unfit to operate the jet ski. None of the indicia enumerated by reported cases in this or other jurisdictions is present here. There is no evidence whatsoever, for example, of inebriation, prior accidents or moving violations, extreme youth, mental or physical disabilities, or reputation for same. Compare, Leone, 363 Mass. at 11-14; Nunez v. A&M Rentals, Inc., 63 Mass.App.Ct. 20, 22-23 (2005); Picard, 60 Mass.App.Ct. at 369-70; Ortiz, 64 Mass.App.Ct. at 501; Mitchell, 38 Mass.App.Ct. at 276-77. To the contrary, Warshauer possessed a significant amount of adult experience on the water, and Plaintiff has produced no evidence of incompetence or unfitness to counter this record.

Da Silva’s Knowledge of Warshauer

Plaintiff conceded in her original Opposition papers that “at this stage of the proceedings” Da Silva’s argument that the record contained “not one shred of admissible evidence . . . that Da Silva had actual notice of such unfitness,” “may be a correct statement.” Paper No. 32, at page 5. Plaintiff also conceded that the only person with the capacity to address this issue would be Da Silva himself, and that would be the purpose of his deposition. In addition Plaintiff proposed to question Da Silva about his own training and experience operating the jet ski, and any instructions or warnings he communicated to Warshauer. The facts gleaned from Da Silva’s deposition are as follows.
Da Silva is a 44-year-old native of Brazil. He has lived and worked in the Worcester area for many years. Da Silva Deposition at 7-12. He first met Mr. Warshauer in 1999, when Mr. Warshauer consulted with Da Silva about Da Silva’s company bottling a product for Mr. Warshauer. Over the years from 1999 through 2007, Da Silva’s company bottled product for Warshauer’s company. Id. at 15-20. Often Warshauer would be in the Worcester area while the job was being done. On some of those occasions Warshauer would stay overnight at the apartment Da Silva was renting from Da Silva’s employer. Id. at 22-30; corroborated by Warshauer Deposition at 9-12.
Da Silva purchased the jet ski on August 3, 2006, five days before the accident. Da Silva Deposition at 36. He had never operated a jet ski before his purchase. He operated it himself on August 6, 2006 after consulting (but not reading in their entirety) an Owner’s Manual and a Rider’s Handbook. Id. at 37-40. Mr. Warshauer and others joined Da Silva at the lake on August 6, 2006 and operated the jet ski as well. Id. at 47. On August 6, 2006, Mr. Warshauer told Mr. Da Silva he had operated a jet ski before. Mr. Da Silva discussed start up and basic operation procedures with Mr. Warshauer, and rode the jet ski as a passenger while Mr. Warshauer drove. Mr. Da Silva recalls no unusual incidents on the lake that day with Mr. Warshauer. Id. at 48-50; corroborated by Warshauer Deposition at 71-73.
Based on these facts the court finds Da Silva had no actual knowledge of incompetence or unfitness of Warshauer. Nor does this record support any reasonable inferences whatsoever with respect to same. 1 thus find Plaintiff has no reasonable expectation of proving the essential elements of her claim against Defendant Da Silva at trial. Da Silva’s Motion is ALLOWED, and he is DISMISSED with prejudice from this action.

 Plaintiffs original complaint alleged that Warshauer was Da Silva's agent. Paper No. 1, at para. 8. During the first round of pleading on Da Silva’s motion for summary judgment, the complaint was amended to plead negligent entrustment, which amendment was allowed by the court. (Paper No. 28 and order dated February 1, 2008.) Da Silva rightly notes that Plaintiffs Opposition papers do not address the agency theory. The court finds that the agency theory has been waived, is now moot, and any agency causes of action against Da Silva are dismissed from this case.

 Plaintiffs original Opposition to summary judgment had contained a Rule 56(f) Affidavit dated December 14, 2007, claiming the need for further discovery. The sole discovery requested was the deposition of Mr. Da Silva, which occurred on May 13, 2008, the transcript of which is before the court as part of the supplemented summary judgment record. Therefore the court finds the Rule 56(f) basis for opposition to be moot.

 Excerpts of this transcript were filed on February 18, 2008, without opposition, as supplementation to the summary judgment record. (Paper No. 39.)