RONALD ANSELMO, special administrator,[1] & others[2]
*vs.* HARVEY A. REBACK & another.[3]

Bristol. March 5, 1987. — October 6, 1987.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Evidence*, Deposition, Declaration of deceased person, Perpetuation of testimony, Hearsay.

General Laws c. 233, § 65, which provides that certain declarations of a
deceased person may be admitted in evidence at a civil trial, did not
render admissible, at the trial of an action for medical malpractice alleging
the declarant's wrongful death, the declarant's lengthy statement which
had been recorded stenographically and on videotape for the specific
purpose of preserving the statement for use at a possible trial against
known potential defendants without compliance with the requirements
of G. L. c. 233, §§ 46 and 47, and Mass. R. Civ. P. 27 (a). [868-869]

CIVIL ACTION commenced in the Superior Court Department
on October 6, 1983.

A pretrial motion was heard by *George P. Ponte*, J., who
reported his ruling to the Appeals Court. The Supreme Judicial
Court on its own initiative ordered direct review.

*George C. Deptula* for the plaintiffs.

*Susan H. Williams (James H. Anderson* with her) for the
defendants.

*Jeffrey Allen, Kerry Choi & Robert V. Costello*, for Massachusetts Academy of Trial Attorneys, amicus curiae, submitted
a brief.

O'CONNOR, J. In this medical malpractice, wrongful death
action, the plaintiffs moved before trial for preliminary findings

---

[1] Of the estate of Susan Anselmo.

[2] Rhonda and Ronni-Sue Anselmo.

[3] Harvey A. Reback, M.D., Inc.

that a certain "statement" of Susan Anselmo, whose death gave rise to this action, had been made in good faith and on her personal knowledge, and for a ruling that, therefore, under G. L. c. 233, § 65 (1986 ed.), the statement was admissible in evidence at trial as the declaration of a deceased person. The statement, resembling a deposition in form, consisted of Susan Anselmo's attorney's questions and her answers. The statement was stenographically transcribed into 114 pages, sworn to by Susan, and videotaped. It was made without notice to the defendants and before this action was commenced. A judge of the Superior Court, noting the question and answer form of the statement, the statement's length, and the fact that, due to lack of notice, the defendants had no opportunity for cross-examination, denied the plaintiffs' motion. He reasoned that "the prejudice of admitting the evidence of the deceased by such video-audio tape and transcripts so unfairly and unjustly outweighs the probative value of such evidence as declarations of a deceased person that such evidence by the video-audio tape and transcripts [is] severally excluded." Thereafter, the plaintiffs moved that the judge's interlocutory ruling be re-ported to the Appeals Court under Mass. R. Civ. P. 64, 365 Mass. 831 (1974). Pursuant to that motion, the judge reported his ruling. We transferred the matter to this court on our own initiative, and now hold that the judge's ruling was correct.[4]

Susan Anselmo gave her statement on two dates in May and June, 1982. She died from stomach cancer on October 1, 1982, at the age of thirty-nine. In her statement, responding to her attorney's questions, she described in detail her medical and personal history, the circumstances surrounding her treatment for stomach problems and ultimately cancer, and the physical and mental impact of the disease on her. According to an affidavit of the plaintiff, Ronald Anselmo, submitted in support of the plaintiffs' motion, "the statement was recorded by a stenographer and on videotape, so that it could be used if a case was merited." On October 6, 1983, the plaintiffs

---

[4] We acknowledge the amicus brief submitted by the Massachusetts Academy of Trial Attorneys.

brought this action alleging that the defendant Harvey A. Reback, Susan Anselmo's physician, had been negligent in his diagnosis and treatment of Susan, and that, as a result, she died.

General Laws c. 233, §§ 46, 47, 65 (1986 ed.), and Mass. R. Civ. P. 27 (a), 365 Mass. 777 (1974), are relevant to our inquiry. General Laws c. 233, § 65 (1986 ed.), provides in relevant part: "In any action or other civil judicial proceeding, a declaration of a deceased person shall not be inadmissible in evidence as hearsay . . . if the court finds that it was made in good faith and upon the personal knowledge of the decedent." General Laws c. 233, § 46, provides that, "[i]f a person desires to perpetuate his own testimony or the testimony of another person, he shall apply in writing to two justices of the peace or notaries public, or a justice of the peace and a notary public, one of whom shall be an attorney at law, requesting them to take his deposition or the deposition of the person whose testimony he desires to perpetuate, and stating briefly and substantially his title, claim or interest in or to the subject relative to which he desires the evidence perpetuated, the names of all other persons interested or supposed to be interested therein and the name of the witness proposed to be examined." Section 47 requires the justices of the peace or notaries public to notify the interested persons of the time and place appointed for taking the deposition, thus providing affected persons with an opportunity for cross-examination. Rule 27 (a), the material portions of which are set out in the margin,[5] also governs the perpetu-

---

[5] "(1) *Petition*. A person who desires to perpetuate his own testimony or that of another person regarding any matter that may be cognizable in any court where these rules apply may file a verified petition in the Superior Court in the county of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show: 1, that the petitioner expects to be a party to an action cognizable in a court where these rules apply but is presently unable to bring it or cause it to be brought, 2, the subject matter of the expected action and his interest therein, 3, the facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it, 4, the names or a description of the persons he expects will be adverse parties and their addresses so far as known, and 5, the names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of

ation of testimony by means of deposition before the commencement of an action. Like c. 233, §§ 46 and 47, rule 27 (a) provides for notice to anticipated adverse parties with the result that, in accordance with the rules governing depositions, potential adverse parties may cross-examine the deponent. Rule 27 (a) (4) provides that the use of such depositions shall be governed by Mass. R. Civ. P. 32 (a), which, in turn, provides that depositions may be used at trial "against any party who was present or represented at the taking of the deposition or who had due notice thereof."

As the plaintiff Ronald Anselmo's affidavit affirms, Susan Anselmo's statement was given so that, in her absence, it could be presented at a trial if an action were subsequently commenced. The procedure was designed to perpetuate Susan's testimony. The procedure failed to meet the requirements of G. L. c. 233, §§ 46 and 47, and rule 27 (a), because the defendants were not notified and therefore were deprived of an opportunity to cross-examine. The question is whether the "statement" is nevertheless admissible under G. L. c. 233, § 65, governing declarations of deceased persons.

We conclude that a statement made for the purpose of perpetuating testimony, as here, is not made admissible by G. L.

---

the persons to be examined named in the petition, for the purpose of perpetuating their testimony.

"(2) *Notice and Service.* The petitioner shall thereafter serve a notice upon each person named in the petition as an expected adverse party, together with a copy of the petition, stating that the petitioner will apply to the court, at a time and place named therein, for the order described in the petition. At least 20 days before the date of hearing the notice shall be served either within or without the Commonwealth in the manner provided in Rule 4 for service of summons; but if such service cannot with due diligence be made upon any expected adverse party named in the petition, the court may make such order as is just for service by publication or otherwise, and shall appoint, for persons not served in the manner provided in Rule 4, an attorney who shall represent them, and, in case they are not otherwise represented, shall cross-examine the deponent. . . ."

Subsection 4 of rule 27 (a) provides in part that the use of such depositions shall be governed by Mass. R. Civ. P. 32 (a), as amended, 392 Mass. 1105 (1984). Rule 32 (a) allows such depositions to be used only against a "party who was present or represented at the taking of the deposition or who had due notice thereof."

c. 233, § 65. It is not unfair, as the Legislature obviously has concluded, to admit in evidence the statement of a deceased person made in good faith and on personal knowledge if, as is usually the case, the statement was made in circumstances in which provision for cross-examination by potentially affected parties is not a realistic possibility. All of the court's decisions to the present time, dealing with declarations of deceased persons, appear to have involved statements in such circumstances. They have not involved, as does this case, declarations of a deceased person that were made for the purpose of perpetuating the declarant's testimony.

Ordinarily, when a statement is given for the specific purpose of making it available for use at a possible trial against a known potential defendant, as here, the circumstances readily permit the giving of notice to that party and an opportunity to cross-examine. As G. L. c. 233, §§ 46 and 47, and rule 27 (a), recognize, fairness requires that that be done. We conclude that, in enacting G. L. c. 233, § 65, the Legislature did not intend the result that declarations of deceased persons, made for the purpose of perpetuating testimony, should be admissible in evidence.

Furthermore, G. L. c. 233, § 65, only removes the hearsay rule as an obstacle to the admissibility of the declaration of a deceased person. It does not purport to remove other obstacles grounded in fairness. Our holding today is not grounded on the fact that Susan Anselmo's statement is hearsay and thus not subject to cross-examination, but on the fact that affected parties were unfairly denied an opportunity to cross-examine when such an opportunity could readily have been afforded. The judge's reported ruling, denying the plaintiffs' motion for preliminary findings and for the admission in evidence of Susan Anselmo's statement, was correct. We affirm the denial of the plaintiffs' motion.

*So ordered.*