Charles D. DONOVAN, Administrator
of the Estate of Leo C. Donovan,
Plaintiff,

v.

SEARS ROEBUCK & CO., Maben Man-
ufacturing, Inc., and Super Sagless
Corporation, Defendants.

SEARS ROEBUCK & COMPANY and
Maben Manufacturing, Inc.,
Third–Party Plaintiffs,

v.

SUPER SAGLESS CORPORATION,
Third–Party Defendant.

Civ. A. No. 91–12082–RCL.

United States District Court,
D. Massachusetts.

March 16, 1994.

James R. McMahon, Jr., Law Offices of
James R. McMahon, Jr., Buzzards Bay, MA,
for Charles D. Donovan.

Deborah K. Blum–Shore, Joseph J. Leg-
horn, Warner & Stackpole, Kenneth A. La-
tronico, Casey, Latronico & Whitestone,
James G. Bynoe, Latronico & Whitestone,
Boston, MA, for Sears, Roebuck & Co., Inc.

Kenneth A. Latronico, Casey, Latronico &
Whitestone, James G. Bynoe, Latronico &
Whitestone, Boston, MA, for Maben Mfg.,
Inc.

Robert H. Gaynor, Sloane & Walsh, Bos-
ton, MA, for Super Sagless Corp.

LINDSAY, District Judge.

The defendants have moved in limine to
exclude all testimony concerning statements
of the plaintiff's decedent describing the inci-
dent that gave rise to this action. The defen-
dants argue that such testimony is hearsay,
inadmissible under Rule 802 of the Federal
Rules of Evidence. The plaintiff counters
that the testimony in question is admissible
because Rule 601 of the Federal Rules of

Evidence makes M.G.L. c. 233, § 65 applicable in this diversity proceeding.[1]

The plaintiff's decedent, Leo Donovan, allegedly was trapped in the footrest mechanism of a reclining chair, remained so for several hours and suffered physical injury as a result. The chair was manufactured and assembled by defendant Maben Manufacturing, Inc., and it was sold to the plaintiff's decedent by Sears Roebuck & Company. The "scissor" mechanism for the chair's footrest was manufactured by defendant Super Sagless Corporation. The plaintiff claims that the decedent was trapped in the chair because the "scissor" mechanism was defective and locked on the decedent's leg.

Other than the decedent himself, there were no witnesses to his entrapment in the chair (although there were witnesses present when he was extracted).[2] The plaintiff proposes to offer the testimony of two individuals—his own and that of a receptionist of the plaintiff's attorney—both of whom are said to have spoken to the decedent about the mishap. The testimony of these witnesses would be the plaintiff's only account of how the accident occurred. It is this testimony to which the defendants object.

Rules 801 and 802 of the Federal Rules of Evidence render the testimony inadmissible as hearsay, and neither Rule 803 nor 804 here offers a saving exception.[3] The plaintiff therefore seeks refuge in M.G.L. c. 233, § 65.

■ In diversity cases, the general rule is that state law governs substantive questions, while federal law governs procedural questions. *See Daigle v. Maine Medical Center, Inc.*, 14 F.3d 684, 688–689 (1st Cir.1994); *Ricciardi v. Children's Hosp. Medical Cen-*

*ter*, 811 F.2d 18, 21 (1st Cir.1987). The plaintiff argues that M.G.L. c. 233, § 65 is a substantive rule and therefore permits the decedent's statements to be admitted at trial in this case. The Court disagrees.

■ Massachusetts General Laws c. 233, § 65 is not a rule of substantive policy, but a rule of admissibility. *See Delta Education, Inc. v. Langlois*, 719 F.Supp. 42, 46 (D.N.H. 1989) (New Hampshire analog to M.G.L. c. 233, § 65 inapplicable in diversity case; Federal Rules govern admission of affidavits of deceased person). By its own terms, the statute provides that "a declaration of a deceased person shall not be inadmissible in evidence as hearsay." The statute constitutes an explicit exception to the rule against the admissibility of hearsay. The plaintiff has failed to articulate any substantive policy which differentiates the exception created by M.G.L. c. 233, § 65 from any other state hearsay exception. Thus, if this exception were to be deemed "substantive," and therefore applicable in diversity cases, then all Massachusetts exceptions to the hearsay rule in their precise forms also logically would apply in such proceedings. Such an interpretation would make the hearsay provisions of the Federal Rules mere surplusage in diversity cases. There is no indication in the caselaw or in the drafting and legislative history of Rules 801–804 that that result was intended.

■ The plaintiff relies heavily on *Lovejoy Electronics, Inc. v. O'Berto*, 873 F.2d 1001 (7th Cir.1989). The reliance is misplaced. The *Lovejoy* case involved the application of Federal Rule of Evidence 601 to the Illinois

---

**1.** M.G.L. c. 233, § 65 provides: "In any action or other civil judicial proceeding, a declaration of a deceased person shall not be inadmissible in evidence as hearsay ... if the court finds that it was made in good faith and upon the personal knowledge of the declarant."

**2.** The decedent's death, which occurred after the chair incident, was unrelated to the tangle with the recliner.

**3.** The plaintiff argues that the statements are admissible under Federal Rule 803(24), the "residual" exception to the hearsay rule. He does not argue that they are admissible under the

"residual" exception of Rule 804(b)(5). In either case, reliance on the residual exception is unavailing because there are no indications that the plaintiff would be able to meet the burden of showing "circumstantial guarantees of trustworthiness" required for the application of these exceptions. *See United States v. Panzardi–Lespier*, 918 F.2d 313, 315–317 (1st Cir.1990); *United States v. Zannino*, 895 F.2d 1, 7 (1st Cir.), *cert. denied*, 494 U.S. 1082, 110 S.Ct. 1814, 108 L.Ed.2d 944 (1990); *Ricciardi v. Childrens Hosp. Medical Center*, 811 F.2d 18, 23–24 (1st Cir. 1987).

"Dead Person's Statute."[4] Rule 601 provides:

Every person is competent to be a witness except as otherwise provided in these rules. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the competency of a witness shall be determined in accordance with State law.

The Seventh Circuit ruled that the Illinois Dead Person's Statute applied to a federal diversity action, relying on the legislative history of Rule 601.

The history of Rule 601 is instructive, and suggests why that Rule and *Lovejoy* are inapplicable to this case. Congress added the second sentence of the Rule in 1973. The primary reason for this amendment was to allow the Dead Person's Statutes of various states to apply in federal proceedings. *See* Report of the Committee on the Judiciary. House of Reps., 93rd Cong., 1st Sess., No. 93–650. The Dead Person's Statutes under consideration operated as a rule of exclusion, barring testimony of claimants with respect to transactions with a deceased person. The exclusions were grounded in a strong state policy which had as its objective the protection of the estates of deceased persons against fraudulent claims. *See* 27 Wright and Gold, *Federal Practice and Procedure,* § 6006, p. 66–67 (1990). In the view of the proponents of amended Rule 601, allowing Dead Person's Statutes to apply in federal proceedings would give life to the states' substantive law and prevent forum-shopping. *See* 3 Weinstein & Berger, *Weinstein's Evidence,* 601-2-8 (1988).

The statute in the *Lovejoy* case was a variant of the Dead Person's Statutes, operating to exclude statements of deceased persons offered against a partnership or joint contractor. The Seventh Circuit recognized that this statute was the type which the drafters of Rule 601 had in mind and applied it in *Lovejoy. Lovejoy,* 873 F.2d at 1005. Unlike the Dead Person's Statutes under consideration in *Lovejoy* and by the Rule's drafters, M.G.L. c. 233, § 65, however, is not

related to any substantive policy to prevent fraudulent claims against estates or business entities (and the plaintiff does not suggest that it was). As a rule of admissibility, as opposed to a rule of competency, the Massachusetts statute does not implicate the policy issues which concerned the drafters of Rule 601. *Cf. Anselmo v. Reback,* 400 Mass. 865, 513 N.E.2d 1270 (1987).

■ In examining Rule 601, one must keep in mind the meaning of the term "competency." " 'Competency' " in evidence law may be defined as the presence of those characteristics and the absence of those disabilities that render a witness legally qualified to testify in court." 27 Wright and Gold, *Federal Practice and Procedure,* § 6002, p. 18 (1990). The theory animating the Dead Person's Statutes is that a litigant who testifies about what an adverse party's decedent said is so inherently unreliable that he or she per se is not qualified to testify about those statements. *Id.* at § 6003, p. 29. Massachusetts General Laws c. 233, § 65, does not relate to competency in this sense. To apply Rule 601's treatment of competency to the hearsay exception contained in the Massachusetts statute would expand the rule's scope far beyond that intended by Congress. *See* 27 Wright and Gold, *Federal Practice and Procedure,* § 6006, p. 68–69.

Accordingly, the defendants' motion in limine to exclude the testimony of Charles Donovan and Gwendolyn Jarvis is granted.

So ordered.

---

4. These statutes were traditionally referred to as "Dead Man's Statutes."