Borenstein, J.
Defendants, pursuant to Mass.R.Civ.P. 56(e), move to strike certain exhibits, in whole or in part, which plaintiffs have offered in their opposition to defendants’ motion for summary judgment. Defendants assert that these exhibits would not be admissible at trial and thus cannot be considered by this court in ruling on a motion for summary judgment.
For the reasons set forth below, defendants’ motion to strike exhibits C, Y, and AA is GRANTED. Defendants’ motion to strike exhibits T and GG is DENIED.
BACKGROUND
From the early 1950s until his death in 1992 plaintiff Richard Fahey bought and consumed cigarettes manufactured and marketed by defendants Philip Morris, Inc. (“Philip Morris”) and R.J. Reynolds Tobacco Co. (“R.J. Reynolds”). In early 1992 plaintiff Richard Fahey was diagnosed with metastatic carcinoma of the hypoglottis with metastases to the lung and lymph nodes. He died from these on December 18, 1992.
Plaintiffs, Richard J. Fahey and Shirley Fahey, commenced this action against defendants R. J. Reynolds Tobacco Co., Philip Morris, Inc., Tobacco Institute, Inc., Council for Tobacco Research — USA, Inc., and Stop & Shop, Inc.[3] on November 9, 1992. The suit contains multiple claims for damages including breach of express warranty, misrepresentation and fraud, conspiracy to commit fraud, negligence, failure to warn, defective design, and loss of consortium.
Defendants seek to have stricken from the record five exhibits plaintiffs have offered in their opposition to defendants’ motion for summary judgment. Defendants assert that each of the contested exhibits contains inadmissible hearsay and thus should not be considered by the court in its ruling on defendants’ motion for summary judgment. Plaintiffs, opposing defendants' motion to strike, argue that the exhibits are not hearsay or fall within an exception to the hearsay rule.
*28 DISCUSSION
In ruling on a motion for summary judgment the court may consider the pleadings, depositions on file, answers to interrogatories, Rule 36 admissions on file, together with affidavits and counter-affidavits, if any. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). Affidavits must be made on the personal knowledge of the affiant, must set forth such facts as would be admissible in evidence, and must affirmatively show that the affiant is competent to testify to the matters stated therein. Mass.R. Civ.P. 56(e).
The Supreme Judicial Court has interpreted Rule 56(c) liberally. In doing so it has repeatedly declined to be “overly technical in [its] reading of what a judge should consider on a motion for summary judgment.” Corellas v. Viveiros, 410 Mass. 314, 317 (1991). Accordingly, in ruling on a motion for summary judgment, a court may consider any material that would be admissible or usable at trial.[4] C.A. Wright, A.R. Miller & M.K. Kane, Federal Practice and Procedure §2721 at 40-46 (2nd Ed. 1983).
A. EXHIBIT C — TRANSCRIPT OF VIDEOTAPED STATEMENT OF PLAINTIFF, RICHARD J.
FAHEY
Defendants move to strike the transcript of a videotaped statement of plaintiff Richard Fahey taken shortly before his death. According to the defendants, the videotape was “made in secret without any notice to defendants.” Defendants argue that making the videotape without notice to the defendants “unfairly denied defendants any opportunity to cross-examine and reflects a lack of good faith on the part of plaintiff." Plaintiffs argue that the transcript of the videotaped statement is admissible under G.L.c. 233, §65.
Under G.L.c. 233, §65 a declaration of a deceased person shall not be inadmissible as hearsay if the court finds that it was made in good faith and upon the personal knowledge of the declarant. G.L.c. 233, §65. However, a statement made for the purpose of perpetuating testimony is not made admissible by G.L.c. 233, §65. Anselmo v. Reback, 400 Mass. 865, 868-69 (1987). “[I]n enacting G.L.c. 233, §65, the Legislature did not intend the result that declarations of deceased persons, made for the purpose of perpetuating testimony, should be admissible in evidence.” Id. at 869.
The purpose of G.L.c. 233, §65 is to remove the hearsay rule as an obstacle to the admissibility of the declaration of a deceased person. The statute does not, however, remove other obstacles to admissibility grounded in fairness. Id. In Anselmo v. Reback, the Supreme Judicial Court held that a statement, taken several months prior to the plaintiffs death, was inadmissible not because it was hearsay, but rather because “the affected parties were unfairly denied an opportunity to cross-examine when such an opportunity could readily have been afforded.”[5] Id.
Thus, under Anselmo, the issue is not whether the videotaped statement of plaintiff Richard Fahey is hearsay, but rather, whether it was made in good faith. In order to make this determination, a chronology of events is necessary.
On November 24, 1992, fifteen days after the complaint was filed, plaintiffs, concerned about Richard Fahey’s worsening condition, notified defendants of their intention to take a videotaped deposition of Mr. Fahey on December 4, 1992. (Defendants’ Exhibit 1.) On November 25, 1992, defendant Philip Morris, on behalf of all the defendants, formally objected to the proposed videotaped deposition. (Defendants’ Exhibit 2.) Defendants informed plaintiffs that before they would consider agreeing to the videotape deposition plaintiff Richard Fahey had to answer defendant Philip Morris’ interrogatories and sign medical record release forms for alcohol and drug treatment records. Defendants also required that a discovery deposition of Mr. Fahey precede the videotaped deposition. (Plaintiffs’ Exhibit 4.)
On December 3, 1992, Richard Fahey’s physician advised plaintiffs that under the circumstances of Mr. Fahey’s illness a deposition would be a burden on Mr. Fahey and that if a deposition was to be taken it should be limited to 1-2 hours. (Plaintiffs’ Exhibit 9.) On that same day, plaintiffs notified defendants that due to Mr. Fahey’s deteriorating condition the scheduled deposition was cancelled. (Defendants’ Exhibit 3 and 4.)
On December 4, 1992, the day the videotaped statement was taken, plaintiffs’ attorney faxed a memo to defendants stating that “[wjhile I personally doubt his health will ever reach a point where he is able to be deposed without grievous damage to his health, I will continue to do my best to see that his testimony in [sic] preserved.” Plaintiffs also expressed concern about the number of people scheduled to be present at the deposition. (Defendants’ Exhibit 4.)
In their response, defendants stated “[flor the record, let me make it clear that, in the event Mr. Fahey’s health improves to the point at which he can be questioned on videotape, the parties would have to work out another stipulation which provides for defendants’ right to cross-examine. Absent such a stipulation (or court order), we would maintain our objection to any attempt to perpetuate his testimony on videotape as being in violation of Massachusetts Rules of Civil Procedure 30A. Of course, defendants object to any attempt to preserve Mr. Fahey’s testimony, by videotape or otherwise, for use at trial which denies defendants an opportunity to cross-examine.” (Defendants’ Exhibit A.) Defendants also claimed that had plaintiffs informed them, prior to cancelling the deposition, that the number of people scheduled to be present was an issue of concern for the plaintiffs, the issue could have been resolved to plaintiffs’ satisfaction. (Defendants’ Exhibit 5.)
*29 On December 4, 1992, Daniel J. Moore, an attorney and licensed private detective hired by plaintiffs’ counsel, videotaped a statement from Mr. Fahey at Mr. Fahey’s home. The statement was in question and answer form with the questions being posed by Mr. Moore. (Plaintiffs’ Exhibit C.) Although plaintiffs’ attorney was present at the videotaping, she “at no time during the course of the statement made any attempts to alter of [sic] influence the content of the statement given by Mr. Fahey.” (Plaintiffs’ Exhibit 1.) Defendants’ attorneys received no notice of the videotaping and were not present. At the request of the defendants, a thirteen-page transcript of the videotaped statement was made.
On December 12, 1992, Mr. Fahey experienced difficulty breathing and was taken to the hospital by ambulance. (Plaintiffs’ Exhibit 10.) He died at the hospital on December 18,1992. (Plaintiffs’ Exhibit 12.)
This Court finds that the videotaped statement of plaintiff Richard Fahey was made for the purpose of perpetuating testimony for use at trial. Additionally, this Court finds that plaintiffs could have reasonably afforded the defense an opportunity to be present and to have some limited cross-examination.
B.EXHIBIT T— LETTER AND ENCLOSURES FROM THE TOBACCO INSTITUTE
Defendants seek to have stricken from the record letters from members of the public to the Tobacco Institute (“TI”) written in response to an advertisement TI placed in various newspapers across the country. The letters were the subject of a correspondence from TI to William Shinn, Esq. to whom TI was forwarding the letters. The advertisement, referred to in TI’s letter to Mr. Shinn, challenged the validity of a study done by the American Cancer Society and stated that if readers wanted copies of the correspondence between TI and the American Cancer Society they should write to TI.
Out-of-court statements offered to prove other than the truth of the matter asserted are not hearsay. “The variety of other purposes for which extrajudicial statements may be offered is endless, and many do not fall neatly within any particular category.” Paul J. Liacos, Handbook of Massachusetts Evidence §8.2 at 436-37 (6th ed. 1994). For example, a statement is not hearsay if offered to show the motive of the speaker, the effect of the speaker’s statement on the listener, the nature of a place or thing, or the recipient’s knowledge of its contents. Id. §§8.2.2, 8.2.3, 8.2.6 at 438-43.
This Court finds that the letters received by TI from the public are not hearsay in so far as they: 1) clarify and explain terms contained in the letter from TI to Mr. Shinn; 2) clarify and explain the content of the letters written by TI to the members of the public who responded to TI’s advertisement; 3) show the effectiveness of TI’s advertising campaign; and 4) show TI’s knowledge of the contents of the letters it received from the public.
C.EXHIBIT Y — Haines v. Liggett Group, Inc.; No. 84 civ. 678 (D.N.J. Feb. 6. 1992).
Defendants seek to have stricken from the record the United States District Court opinion, Haines v. Liggett Group, Inc., which was vacated and remanded by the Third Circuit Court of Appeals. See Haines v. Liggett Group, Inc., 140 F.R.D. 681 (D.N.J. 1992), vacated, Haines v. Liggett Group, Inc., 975 F.2d 81, 98 (3rd Cir. 1992). The court of appeals vacated the district court decision[6] having found that the district court judge improperly exercised his reconsideration function under the Federal Magistrate Act by considering evidence which had not been before the magistrate. Haines v. Liggett Group, Inc., 975 F.2d 81, 93-94 (3rd Cir. 1992).
This court finds that Haines v. Liggett Group, Inc., 140 F.R.D. 681 (D.N.J. 1992), has been vacated by Haines v. Liggett Group, Inc., 975 F.2d 81, 98 (3rd Cir. 1992). Therefore, it will not be considered by this court when ruling on defendants’ motion for summary judgment or plaintiffs’ request for extended discovery.
D.EXHIBIT AA — STATEMENT OF JOHN SLADE, M.D.
Defendants seek to have the testimony of John Slade, M.D. stricken from the record. Defendants assert that plaintiffs have not complied with the procedural requirements for admission of an expert witness affidavit. Plaintiffs argue that the statement, made before a congressional committee, is legislative history and is thus admissible in a judicial proceeding. Plaintiffs also argue that the statement is admissible as a compilation of governmental filings of patents held by members of the tobacco industry. Plaintiffs cite G.L.c. 233, §§75 and 79B as well as Torre v. Harris-Seybold Co., 9 Mass.App.Ct. 660 (1980), to support their claims. Id. Plaintiffs acknowledge that the patents are public records and are among the documents expected to be produced by defendants pursuant to plaintiffs’ discovery requests.
To come within the official records exception to the hearsay rule the record must be of a primary fact, made by a public officer in the performance of an official duty. Paul J. Liacos, Handbook of Massachusetts Evidence §8.13.1 at 504 (6th ed. 1994) (citing Com. v. Slavski, 245 Mass 405 (1923)). That a document has been filed with a government agency does not make it an official record for the purpose of coming within the common-law exception to the hearsay rule. Id. §8.13.1 at 506 (citing Kelly v. O’Neil, 1 Mass.App.Ct. 313, 319 (1973)). Statements of opinion, judgmental observations and results of investigations do not fall within the exception. Id. (citing Julian v. Randazzo, 380 Mass. 391 (1980)).
The statement, as submitted, was not made by a public officer in the performance of an official duty. In *30 addition, it contains opinions and judgmental observations. For these reasons, the statement does not fall within the official records exception to the hearsay rule.
Plaintiffs’ reliance on G.L.c. 233, §75 is misplaced. G.L.c. 233, §75 provides that
printed copies of the United States Code Annotated or the United States Code Service and all federal regulations, and the the [sic] titles, chapter, sub-chapters, parts and sections thereof, shall be admitted without certification or attestation, but, if their genuineness is questioned, the court shall require such certification or attestation thereof as it deems necessary.
G.L.c. 233, §75 (1986 ed. and Supp. 1994). Plaintiffs’ submission is neither a printed copy of the United States Code Annotated or the United States Code Service nor is it a printed copy of a federal regulation or any title, chapter, subchapter, part or section thereof.
Plaintiffs’ reliance on G.L.c. 233, §79B is similarly misplaced. G.L.c. 233, §79B provides that
[statements of facts of general interest to persons engaged in an occupation contained in a list, register, periodical, book or other compilation, issued to the public, shall, in the discretion of the court, if the court finds that the compilation is published for the use of persons engaged in that occupation and commonly is used and relied upon by them, be admissible in civil cases as evidence of the truth of any fact so stated.
G.L.c. 233 §79B (1986 ed. and Supp. 1994).
As submitted, Dr. Slade’s testimony is not a statement of facts issued to the public. The submission is merely a typed copy of a statement Dr. Slade made before Congress. In addition, Dr. Slade’s statement contains not only factual statements but opinions and conclusions as well. Conclusions and opinions are outside the scope of the statute. See Torre v. Harris-Seybold Co., 9 Mass.App.Ct. 660, 672 (1980) (quoting Mazzaro v. Paull, 372 Mass. 645, 652 (1977)).
This Court finds that Dr. Slade’s testimony, as submitted by plaintiffs, is not admissible as an official record, nor is it admissible under G.L.c. 233, §§75 or 79B.
E. EXHIBIT GG — LETTER OF BERTRAM CHOLET, DATED APRIL 14, 1969
Defendants seek to have a letter written by Bertram Cholet to the Tobacco Institute stricken from the record. Defendants claim that the letter, in which Mr. Cholet claims to have developed a “smoking device which was calculated to remove some of the criticism aimed at cigarette smoking,” is hearsay not within any exception to the hearsay rule. (Plaintiffs’ Exhibit GG.) Plaintiffs assert that the document is being offered to show that defendant Philip Morris had knowledge of its contents.
“An extrajudicial statement is not hearsay when offered to prove that the person to whom it was addressed had notice or knowledge of the contents of the statement.” Paul J. Liacos, Handbook of Massachusetts Evidence §8.2.2 at 438 (6th ed. 1994) (citing McNamara v. Honeyman, 406 Mass 43, 546 N.E.2d 139 (1989)).
This Court finds that the letter from Mr. Cholet to the Tobacco Institute is not hearsay. It is admissible to show that defendant Philip Morris had knowledge of its contents. The letter is not admissible, however, to prove the truth of the matter asserted therein.
ORDER
For the foregoing reasons, this Court hereby ORDERS that:
1) Exhibit C — The transcript of the videotaped statement of plaintiff Richard Fahey SHALL BE STRICKEN from the record.
2) Exhibit T — The letters received by the Tobacco Institute from members of the public, incorporated by reference into the letter from the Tobacco Institute to William W. Shinn, Esq., SHALL NOT BE STRICKEN from the record. They are admissible to:
a) explain and clarify the terms contained in the letter from the Tobacco Institute to William W. Shinn, Esq.;
b) explain and clarify the content of the letters from the Tobacco Institute to members of the public:
c) show the effectiveness of the Tobacco Institute’s advertising campaign; and to
d) prove defendant Tobacco Institute’s knowledge of the contents of the letters.
3) Exhibit Y — Haines v. Liggett Group, Inc., 140 F.R.D. 681 (1992), vacated, Haines v. Liggett Group, Inc., 975 F.2d 81 (3rd Cir. 1992) SHALL BE STRICKEN from the record.
4) Exhibit AA — The copy of the statement of John Slade, M.D. made before the Congressional Subcommittee on Health and the Environment SHALL BE STRICKEN from the record.
5) Exhibit GG — The letter from Bertram Cholet to the Tobacco Institute, dated April 14, 1969, SHALL NOT BE STRICKEN from the record.

Plaintiffs voluntarily dismissed defendant Stop & Shop, Inc. on July 1, 1993.

Nhe Supreme Judicial Court has stated that “[t]his court having adopted comprehensive rules of civil procedure in substantially the same form as the earlier Federal Rules of Civil Procedure, the adjudged construction theretofore given to the Federal rules is to be given to our rules, absent compelling reasons to the contrary or significant differences in content.” Rollins Environmental Services, Inc. v. Superior Court, 368 Mass. 174, 179-80 (1975). The wording of *31 Mass.R.Civ.P 56(c) in all relevant parts is identical to that of Fed.R.Civ.P. 56(c).

Plaintiffs attempt to distinguish this case from Anselmo by arguing that the opportunity for cross-examination could not have “readily been afforded” due to defendants’ continuing delays and Mr. Fahey’s rapidly deteriorating condition.

The district court reversed a Special Master’s finding that the attorney-client privilege applied to 1,500 documents in the possession of the defendants. The district court appointed a new Special Master to review the documents to determine whether each document was subject to the crime/fraud exception to the attorney-client privilege. Haines v. Liggett Group, Inc., 140 F.R.D. 681, 697 (D.N.J. 1992), vacated, Haines v. Liggett Group, Inc., 975 F.2d 81, 98 (3rd Cir. 1992).