Bruneau v. Crutchley                    CV-98-343-SD   01/11/99
                    UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEW HAMPSHIRE


Wendy Bruneau, et al

        v.                              Civil No. 98-343-SD

Barbara Crutchley, et al


                            O R D E R


     The parent plaintiffs herein move for a protective order by
which they seek to prevent or delay the deposition of their
daughter, the minor plaintiff.  Document 9.[1]  Defendants object.
Document 11.


1.  Background

     The minor plaintiff, Rose Durnan, was born on November 7,
1992.  On July 25, 1996, she sustained injuries when bitten by
the defendants' dog on the defendants' premises in Fitzwilliam,
New Hampshire.  In addition to minor plaintiff, there were
apparently adult witnesses to this incident.[2]

_____

        [1]The trial of this action is now set for May 18, 1999, and
plaintiffs suggest they may not wish to call the minor plaintiff
as a witness at such trial.  Accordingly, they argue that if a
deposition is required it should not take place until a date
close to trial.

        [2]There appears to be some dispute as to the identity and
number of such adult witnesses.

Defendants seek to depose the minor plaintiff, who is now six years and two months of age. Plaintiffs contend that a deposition at this time will have a significant adverse psychological impact upon her.

Defendants contend that they need to inquire into any memory Rose Durnan may have of the dog-bite incident, as well as any claims that she is self-conscious about her facial scars and is in fear of unfamiliar dogs. And even if plaintiffs do not call Rose as a witness, supra note 1, defendants contend that they may well wish to do so.

Here applicable, Rule 601, Fed. R. Evid., provides in pertinent part that "[e]very person is competent to be a witness except as otherwise provided in these rules."[3] Thereunder, "a child who understands the obligation to tell the truth is competent unless he or she so lacks the powers of observation, recordation, recollection, and narration that the testimony is untrustworthy and thus lacks relevancy. A judge therefore should only reject a child's testimony if the judge is convinced the testimony has no probative value and is therefore inadmissible for lack of relevancy." 3 JACK B. WEINSTEIN & MARGARET A. BERGER,

---

[3]The added statement in Rule 601, Fed. R. Evid., concerning the application of state law has no relevance in this case, as the New Hampshire variance of Rule 601 is procedural, not substantive, in nature, and only substantive rules of state law come into play under the provisions of Federal Rule 601. See Donovan v. Sears Roebuck & Co., 849 F. Supp. 86 (D. Mass. 1994); Delta Educ., Inc. v. Langlois, 719 F. Supp. 42 (D.N.H. 1989).

WEINSTEIN'S FEDERAL EVIDENCE § 601.04[2][a], at 601-19 (Joseph M. McLaughlin ed., Matthew Bender 2d ed. 1997).

It follows that if, upon inquiry, Rose Durnan is possessed of the factors of trustworthiness above related, her deposition may well be relevant to these proceedings. Accordingly, while not unsympathetic to plaintiff's concerns about psychological trauma to her, the court finds that the motion to deny or delay the deposition must be denied.

3. Conclusion

For the reasons outlined, the court has denied plaintiff's motion for a protective order to deny or to delay the deposition of the minor plaintiff Rose Durnan. The court expects and directs defendants' counsel to proceed at such deposition with proper sensitivity.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

January 11, 1999

cc:  James C. Wheat, Esq.
     Christopher C. Fallon, Jr., Esq.
     Paul B. Kleinman, Esq.